RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/21/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT HALL (#337112) | DOCKET NO. 13-CV-1252; SEC. P |
| VERSUS | JUDGE DRELL |
| TIM KEITH, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Robert Hall (#337112) filed the instant civil rights (42 U.S.C. §1983) complaint on May 16, 2013. He was granted leave to proceed in forma pauperis on June 4, 2013. Plaintiff is incarcerated at the Winn Correctional Center (WNC) in Winfield, Louisiana. He claims that he was the victim of excessive force when pepper spray intended for another inmate was sprayed into his cell. He also claims that he was denied adequate medical care following the incident.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Allegations*

Plaintiff alleges that, on February 19, 2013, his cell-mate was causing "security problems." [Doc. #1, p.4] Capt. McFarland became upset and wanted to spray the inmate with a chemical agent such as Mace. Plaintiff told Capt. McFarland that Plaintiff needed to be removed from the cell first because he suffers from asthma. McFarland told Plaintiff that he would be fine, and went ahead with spraying Mace at Plaintiff's cell-mate. Plaintiff alleges

that he began "begging and screaming for him to stop" because he could no longer breathe properly. [Doc. #1, p.3]

After the incident, Plaintiff's blood pressure was checked by Nurse Joanne Smith. Plaintiff claims that his blood pressure was high, but that Nurse Smith did not give him any medication, nor did she flush his eyes out or give him an inhaler. [Doc. #1, p.4] Plaintiff asked Nurse Smith to give him an asthma pump, but she refused. She told Plaintiff that he would be alright and sent him back to his cell. [Doc. #1, p.4]

Four days later, Plaintiff made an emergency sick call. He claims that he almost passed out in front of Nurse Smith. Smith told him that he needed to make a regular sick call; she refused to see him.

Eventually, Plaintiff must have been examined, because he claims that he was "placed on different medications twice" because of his symptoms. Yet, none of the medications have provided relief. Plaintiff alleges that he continues to have migraines, blurred vision, and chest pain because of the chemical sprayed on February 19, 2013. [Doc. #1, p.4]

### *Law and Analysis*

Federal Rule of Civil Procedure Rule (FRCP) 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order...." The district court also has the inherent authority to dismiss an action sua sponte, without motion

by a defendant. See Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

On August 5, 2013, Plaintiff was ordered to amend his complaint by September 4, 2013, to provide factual allegations in support of his conclusion that his constitutional rights were violated by the defendant. [Doc. #5] Over a month has passed since the deadline, and Plaintiff has still failed to submit the amended complaint as ordered.

## Conclusion

**THEREFORE, IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with FRCP 41(b) for his failure to comply with the Court's order.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes

his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 21st day of October, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE